CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 24 2018
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRENDA SHELTON, | |
| Plaintiff, | Case No. 4:17-cv-00008 |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |
| Defendant. | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I deny Plaintiff Brenda Shelton's ("Plaintiff") Motion for Summary Judgment/Motion to Remand [ECF No. 15], grant the Commissioner's Motion for Summary Judgment [ECF No. 19], and affirm the Commissioner's decision. The R&R was filed on July 2, 2018 [ECF No. 21], and Plaintiff filed objections on July 17 [ECF No. 22]. The Commissioner responded [ECF No. 23], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objections and grant the Commissioner's Motion for Summary Judgment.

I.     **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On October 12, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"). See 42 U.S.C. §§ 401–33 (2018). (R. 132–33.) In her application, Plaintiff alleged that she had been disabled since December 15, 2011, due to severe carpal tunnel syndrome in both of her hands. (See, e.g., R. 60.) The Commissioner denied Plaintiff's claims initially on March 20, 2013, and again upon reconsideration on December 20, 2013. (See R. 60–78.)

Plaintiff requested a hearing before an Administrative Law Judge and on July 15, 2015, Plaintiff appeared with her attorney before Administrative Law Judge Munday ("the ALJ"). (R. 33–59.) Both Plaintiff and a vocational expert, Dr. Gerald K. Wells, testified. (Id.) In a written decision dated September 9, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 14–26.) She found that Plaintiff suffered from carpal tunnel syndrome and obesity, both of which qualified as serious impairments. (R. 16–19 (citing 20 C.F.R. §§ 404.1520(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, & 404.1526).)

After consideration of the entire Record, the ALJ concluded that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) with some limitations. (See R. 19–24.) The ALJ determined that Plaintiff:

> can frequently balance, stoop, kneel, crouch, and climb ramps and stairs. She can occasionally crawl but never climb ladders, ropes, or scaffolds. [Plaintiff] can perform frequent handling and frequent push and pull activities with her right lower extremity. She can have occasional exposure to vibrations and frequent exposure to pulmonary irritants, including, fumes, odors, dust, and gas, and frequent exposure to hazardous conditions, including unprotected heights and moving machinery. [Plaintiff] would need to elevate her arms and hands during regularly scheduled breaks and lunch.

(R. 19.) The ALJ concluded that, although Plaintiff was not capable of performing her past relevant work, there were jobs that existed in significant numbers in the national economy that she could perform, such as short order cook, dining room attendant, and maid or house person. (R.24–25 (citing 20 C.F.R. §§ 404.1565, 404.1569, & 404.1569(a)).) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 25.) The Appeals

Council denied Plaintiff's request for review (R. 1–4), and the decision of the ALJ became the final decision of the Commissioner on December 22, 2016. (Id.)

On February 16, 2017, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. Plaintiff filed a Motion for Summary Judgment/Motion to Remand on October 2, 2017 [ECF No 15], and the Commissioner filed a Motion for Summary Judgment on November 16, 2017 [ECF No. 19]. On July 2, 2018, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I deny Plaintiff's motion for summary judgment/motion to remand, grant the Commissioner's motion for summary judgment, and affirm the decision of the Commissioner. (R&R, July 2, 2018 [ECF No. 21].) On July 17, Plaintiff filed her objections to the R&R. (Pl.'s Obj., July 17, 2018 [ECF No. 22].) The Commissioner responded on July 27 [ECF No. 23], so the matter is now ripe for review.

## II.    STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

Plaintiff makes three primary objections to Judge Hoppe's R&R. First, she contends he erred in affirming the ALJ's decision to afford the opinion of Plaintiff's treating physician "little weight." Second, she contends Social Security Ruling 96-8p and controlling precedent required the ALJ to determine specifically how much Plaintiff could lift or carry, and that it was error for the ALJ to omit that explicit finding. Third, she contends that the evidence which shows that she can grasp and manipulate objects is insufficient to show that she can do so *frequently*. The objections are addressed in turn.

1. *Dr. Albers's Opinion*

Plaintiff first takes issue with the Magistrate Judge's conclusion that Dr. Albers's opinion was properly afforded less than controlling weight. I find no merit to this contention. ALJ Munday accurately described Dr. Albers's opinion and why she found his residual functional capacity assessment inconsistent with the objective evidence. Accordingly, there is substantial evidence in the record to support the ALJ's conclusion.

Plaintiff argues that, although ALJ Munday explained why she did not give Dr. Albers's opinion controlling weight, she failed to cite why she failed to give *each and every opinion* controlling weight. In essence, Plaintiff seems to concede that there is substantial evidence to reject the majority of Dr. Albers's opinion, but she contends that because the ALJ failed to articulate specific reasons to reject every conclusion in Dr. Albers's opinion, the ALJ erred. In support of her argument, Plaintiff cites Social Security Ruling 96-8p, which states that, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

Plaintiff reads SSR 96-8p more narrowly than I think is appropriate. Tellingly, she does not cite a single case which supports her restrictive reading. The ALJ reviewed Dr. Albers's opinion in total and gave specific—and compelling—reasons for rejecting that opinion. The fact that the ALJ did not refute every single conclusion is not grounds to upset her opinion. The ALJ's opinion adequately explained "why the [medical source's] opinion was not adopted," id., and Plaintiff's objection will be overruled.

2. *Plaintiff's Exertional Limitations*

Plaintiff next takes issue with the ALJ's failure to state expressly how much Plaintiff could lift or carry; she contends the failure to do so requires remand under Mascio v. Colvin, 780

F.3d 632 (4th Cir. 2015). While I agree with Plaintiff that the failure to make function-by-function analysis may sometimes require remand, see id. at 636 (refusing to adopt a *per se* requirement of remand), I do not think this is such a case. I conclude that for two primary reasons.

First, the ALJ concluded that Plaintiff was capable of performing "light work." (R. 19.) The applicable regulations define light work as "involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Thus, by concluding as she did, the ALJ made the finding Plaintiff contends is lacking. While the ALJ's opinion was not as precise as it could or should have been, the ALJ was not required to recite her finding in any specific language. Accord Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989).

Second, the ALJ stated that she afforded "great weight" to the opinions of Drs. Bacani-Longa and Constant. (R. 23.) Both of those doctors, the state agency reviewers, concluded that Plaintiff "occasionally . . . lift and/or carry" 20 pound and could "frequently . . . lift and/or carry" 10 pounds. (R. 64–65; 75.) Their conclusions support, precisely, the ALJ's conclusion that Plaintiff could perform light work and fulfills the function-by-function analysis Plaintiff contends is lacking.

I agree with Plaintiff that the finding that Plaintiff can perform "light work," standing alone, is insufficient under Social Security Ruling 96-8p. See SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("The RFC must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ."). When coupled with the express adoption of two doctors' opinions that Plaintiff could perform

the definition of light work, however, I believe the ALJ has adequately, if imperfectly, fulfilled her obligation under the applicable law and regulations.

Although Plaintiff finds it underwhelming, the ALJ did provide a narrative discussion of why she concluded that Plaintiff had the residual functional capacity to lift and/or carry 10 pounds frequently and 20 pounds occasionally. ALJ Munday recounted Plaintiff's subjective complaints, including her claim that, "[d]ue to the pain in her hands, it is hard for her to lift, reach, use her hands, and perform personal care activities such as, dressing and bathing." (R. 20.) ALJ Munday found her subjective complaints less than credible. She cited Plaintiff's ability to drive for several hours to and from her doctor's office, and noted that Plaintiff had had "ample time" to recover from carpal tunnel surgery and "return to work at the light exertional level." (R. 23.) Although I concur with Plaintiff that a more fulsome discussion is preferred, I disagree that the discussion ALJ Munday provided is so insufficient that it requires remand.

Plaintiff rejects this analysis, arguing that her ability to *grasp* has no bearing on her ability to *lift*. But that ignores the operative portion of the ALJ's discussion and her own subjective complaints. As recounted by the ALJ, Plaintiff complained that the pain in her hands was the reason she could not lift. (R. 20.) In rejecting the limiting effects of the pain in her wrists, Plaintiff is left with no medical explanation for her professed inability to lift. Accordingly, by rejecting the rationale for her inability to lift, the ALJ is not then required to reject other unsupported claims. The ALJ properly found that the limiting effects she professed were not supported by the medical evidence, and there is substantial evidence to support her conclusion that Plaintiff could lift and carry weight sufficient to qualify her for light work. The objection will be overruled.

3. *Plaintiff's Manipulative Limitations*

Finally, Plaintiff maintains that the Magistrate Judge committed legal error by citing evidence in the Record to support the ALJ's conclusion that Plaintiff could manipulate objects frequently during an 8-hour workday. She asserts that the Magistrate Judge cannot rely on evidence not cited by the ALJ in her decision.

I disagree with Plaintiff's characterization of the Magistrate Judge's opinion. The Magistrate Judge did not "supply reasoning that the ALJ herself did not employ . . . ." (Pl.'s Obj. pg. 7.) Rather, he marshaled the evidence of the Record that the ALJ noted undercut Dr. Albers's opinion. In her opinion, the ALJ found that Dr. Albers's opinion "is not consistent with the rest of the evidence of record," which included Plaintiff's medical records. The ALJ cited Plaintiff's medical records (R. 20–22) before concluding that Dr. Albers's opinion was not consistent with that evidence (R. 23). While it is true that the ALJ did not repeat the medical evidence in her discussion of Dr. Albers's opinion, I do not believe the Magistrate Judge erred in his recitation of the medical evidence as evidence to support the ALJ's conclusion.

Even if the Magistrate Judge erred in reciting evidence relied on by the ALJ, that error was harmless and does not require remand. As illustrated by the Magistrate Judge's recitation of the medical evidence, the ALJ's ultimate decision "is overwhelmingly supported by the record through the agency's original opinion failed to marshal that support . . . ." Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010); see also Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011) (noting that "the lack of additional fact finding does not render judicial review 'impossible' . . . when the record provides 'an adequate explanation of [the Commissioner's] decision'" (quoting DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983))). Thus, remand is not warranted, and Plaintiff's objection will be overruled.

## IV. CONCLUSION

The ALJ's decision is support by substantial evidence. I have reviewed the remainder of the ALJ's opinion for clear error. Finding none, the R&R will be adopted and the Commissioner's Motion for Summary Judgment will be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 24th day of October, 2018.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE